**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| First Mercury Insurance Co., | ) | CV 12-8124-PCT-PGR |
|     Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Cedar West Capital, L.L.C., et al., | ) | |
|     Defendants. | ) | |

    Before the Court are Defendant/Counter-claimant Cedar West Capital's Rule 37(a)(3)(B) Motion to Compel Discovery Responses (Doc. 31) and Plaintiff/Counter-defendant First Mercury Insurance's Motion to Bifurcate and Request for Stay of Discovery and Disclosure on Insurance Bad Faith Claim (Doc. 33). For the reasons set forth herein, the Court will deny bifurcation and grant the motion to compel.

    On June 27, 2012, First Mercury filed an amended complaint for declaratory relief against Cedar West and Shorts Shingle & Shake Service. (Doc. 6.) First Mercury seeks to establish whether a stipulated judgment entered against its insured, Shorts Shingle, by Cedar West is enforceable against First Mercury.

    On September 12, 2012, Cedar West filed an answer and counterclaims for breach of contract, breach of duty of good faith and fair dealing, and negligence. (Doc. 11.) As described below, Cedar West alleges that First Mercury failed to conduct an adequate investigation and breached its contract by refusing to defend and/or indemnify Shorts Shingle. (*Id.*; *see* Doc. 33)

On October 9, 2012, First Mercury filed a motion to dismiss the counterclaims. (Doc. 18; *see* Doc. 30.) The Court granted the parties' stipulation to stay briefing on the motion until December 18. (Doc. 34.)

On November 16, 2012, Cedar West filed a motion to compel discovery responses. (Doc. 31.) On November 19, First Mercury filed a motion to bifurcate the breach of contract counterclaim from the bad faith counterclaim and for a stay of discovery with respect to the latter. (Doc. 33.)

The parties filed their Joint Case Management Report on November 26. (Doc. 35.) The Court held a scheduling conference on December 10, 2012.

**Background**

In April and May, 2010, Cedar West entered into two construction contracts with Shorts Shingle to re-roof a commercial building. During a rainstorm on May 12, 2010, water entered the roof. As a result of the water leakage, Cedar West sustained damages totaling more than $290,000.[1]

At the time of the loss, Shorts Shingle was insured with a commercial general liability policy issued by First Mercury. Cedar West and Shorts Shingle notified First Mercury of the damages to Cedar West's property. First Mercury denied the claim on July 9, 2010, citing the policy's exclusion of coverage for "property damage to your work"—i.e., the cost to repair and replace Short's Shingle's own work. (*See* Doc. 18, Ex. 3.) First Mercury also cited the policy's "open-roof endorsement," which states that the insured must provide appropriate temporary waterproof covering to any open roofs. (*Id.*) Cedar West's counterclaims rely on the "products-completed operations hazard" exception to the "property damage" exclusion.

---

[1] Shorts Shingle was hired to lay a new roof over the building. (*See* Doc. 35 at 2.) The installation of the new roof was faulty, with Shorts Shingle using one-inch nails instead of three-inch screws and plates to attach the first layer. (*Id.*) The use of improper nails and the moisture that entered the roof materials necessitated the removal and replacement of the roof. (*Id.*)

- 2 -

(*See* Doc. 11 at 7, ¶¶ 7–9; Doc. 35 at 9–10.) Cedar West contends that the roof was "substantially completed at the time of the damage.

On January 20, 2011, Cedar West filed a lawsuit against Shorts Shingle in state court. Pursuant to *Damron v. Sledge*, 105 Ariz. 151, 460 P.2d 997 (1969), the parties entered into a stipulated judgment for $239,192, representing Cedar West's actual losses.

In its motion to dismiss, First Mercury contends that it did not breach any obligation to defend or indemnify Shorts Shingle in the lawsuit because it was never tendered or given notice of the suit, as required by the policy and by Arizona law. (Doc. 18.) First Mercury also contends that its denial of the claim was proper because the pre-suit information it received indicated that the loss was not a covered claim. (*Id.* at 14.) Cedar West asserts that First Mercury failed to investigate the possible application to the "products completed" exception. (*See* Doc. 36 at 2.)

**Discussion**

Rule 42(b) of the Federal Rules of Civil Procedure authorizes the court to order a separate trial of any claim when separation is in the interest of judicial economy, will further the parties' convenience, or will prevent undue prejudice. The Court has broad discretion in determining whether the requested bifurcation is appropriate. *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).

In its motion for bifurcation, First Mercury argues that the coverage issue should be resolved first because Cedar West's bad faith claim "simply will not lie if this claim is not covered." (Doc. 33 at 2.) First Mercury asserts that judicial economy and fairness are served by bifurcation and a stay of discovery on Cedar West's bad faith claim.

Cedar West, opposing bifurcation, notes that in Arizona breach of contract is not required for a claim of bad faith. (Doc. 36 at 5.) In *Deese v. State Farm Mutual Automobile Ins. Co.*, 172 Ariz. 504, 509, 838 P.2d 1265, 1270 (1992), the Arizona Supreme Court held that the breach of an express covenant is not a necessary prerequisite to an action for bad

- 3 -

1 faith, and therefore, "a plaintiff may simultaneously bring an action both for breach of
2 contract and for bad faith, and need not prevail on the contract claim in order to prevail on the
3 bad faith claim, provided plaintiff proves a breach of the implied covenant of good faith and
4 fair dealing." *See Lloyd v. State Farm Mut. Auto. Ins. Co.*, 189 Ariz. 369, 943 P.2d 729, 737
5 (App. 1996) ("It has consistently been held that an insurer can be held liable for bad faith even
6 when it does not violate any express provision of the insurance contract."). One of the ways
7 an insurer may commit bad faith is in processing or evaluating a claim in an unreasonable
8 manner. *See Bass v. Farm Bureau Financial Services*, No. CV–12–00393–PHX–PGR, 2012
9 WL 3585206, at *2 (D.Ariz. August 20, 2012 ) (citing *James River Ins. Co. v. Hebert Schenk,*
10 *P.C.*, 523 F.3d 915, 923 (9th Cir. 2008).

11 First Mercury replies that where a claim of bad faith is based on a "final judicial
12 determination that there was no coverage" forecloses liability for a claim of bad faith.
13 *Manterola v. Farmers Ins. Exchange*, 200 Ariz. 572, 579, 30 P.3d 639, 646 (App. 2001). In
14 *Manterola* the court emphasized that "[a]lthough the pertinent Arizona decisions clearly have
15 rejected the notion that a contractual breach or even policy coverage is a necessary element
16 of all bad faith claims, none of the cases suggests that a carrier may be held liable for bad faith
17 denial of coverage in the face of a final judicial determination that there was no coverage."
18 *Id.*

19 Furthermore, according to First Mercury, bifurcation is appropriate because coverage
20 is a prerequisite for Cedar West's bad faith failure-to-investigate claim. (Doc. 42 at 4.) First
21 Mercury asserts that an inadequate investigation constitutes bad faith only where additional
22 investigation would have led to facts establishing coverage. (*Id.* (citing *Aetna Cas. and Sur.*
23 *Co. v. Superior Court In and For County of Maricopa*, 161 Ariz. 437, 440, 778 P.2d 1333,
24 1336 (App. 1989)).
25
26 Having considered the parties' arguments, the Court concludes that First Mercury has
27 not met its burden of establishing that bifurcation is warranted. It is not clear, given the cases
28

- 4 -

cited above, that the question of coverage is dispositive of or separable from the allegations of bad faith. *See, e.g.*, *Lloyd*, 189 Ariz. at 377, 943 P.2d at 737 ("The covenant of good faith and fair dealing can be breached even if the policy does not provide coverage."). This is not a case where the bad faith claim is based "solely on a carrier's denial of coverage." *Manterola*, 200 Ariz. at 579, 30 P.3d at 646. Cedar West alleges that First Mercury unreasonably investigated and evaluated the claim. Evidence concerning the reasonableness of the investigation implicates both the coverage question and the issue of bad faith.

In addition, whether or not a ruling on coverage is ultimately dispositive of the bad faith claim, the Court finds that bifurcation of trials will not promote convenience or judicial economy. As Cedar West notes, courts have denied bifurcation of discovery even after granting bifurcating of issues for trial. *See Drennan v. Maryland Cas. Co.*, 366 F.Supp.2d 1002, 1007–08 (D.Nev. 2005); *Cook v. United Service Auto. Ass'n.*, 169 F.R.D. 359, 362 (D.Nev. 1996).

In *Drennan*, the court bifurcated the breach of insurance claim from the bad faith claim, but found that bifurcation of discovery was not warranted. 366 F.Supp.2d at 1008. The court concluded that joint discovery was more convenient and furthered judicial economy, reasoning that "[w]ith joint discovery, the parties will be better informed with regard to settlement efforts. Moreover, any discovery disputes likely will pertain to both causes of action."*Id.*; *see Cook*, 169 F.R.D. at 362.

The Court finds this analysis persuasive. Because efficiency and convenience will be better served by proceeding with discovery on all issues, bifurcation of the matter for trial does not further the purposes of Rule 42(b).[2]

---

[2] First Mercury argues that it will be prejudiced by the simultaneous litigation of the contract and bad faith because attorney-client communications may be discoverable in the latter. (Doc. 33 at 6.) This conclusory assertion of prejudice is not sufficient to warrant bifurcation. *See Fiserv Solutions, Inc. v. Westchester Fire Ins. Co.*, No. 11-C-0603, 2012 WL 2120513 (E.D.Wis. June 11, 2012); *Wolkosky v. 21st Century Centennial Ins. Co.*, No. 2:10-cv-439, 2010 WL 2788676 (S.D.Ohio July 14, 2010).

Cedar West's motion to compel sought an order directing First Mercury to respond to its written non-uniform interrogatories. (Doc. 31.) First Mercury objected to the discovery pending a ruling on its motion to bifurcate. (Doc. 37.) Having denied First Mercury's motion to bifurcate, the Court will grant Cedar West's motion to compel.

Accordingly,

IT IS HEREBY ORDERED denying First Mercury's motion to bifurcate and stay discovery (Doc. 33).

IT IS FURTHER ORDERED granting Cedar West's motion to compel (Doc. 31).

DATED this 13th day of December, 2012.

Paul G. Rosenblatt
United States District Judge